1   MARY KATE SULLIVAN (State Bar No. 180203)
    mks@severson.com
2   ALISA A. GIVENTAL (State Bar No. 273551)
    aag@severson.com
3   SEVERSON & WERSON
    A Professional Corporation
4   One Embarcadero Center, Suite 2600
    San Francisco, California 94111
5   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
6
    Attorneys for Defendant NATIONSTAR
7   MORTGAGE, LLC

**Filed**

FEB 0 6 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*Fee paid*
*NP* ②

8            UNITED STATED DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10   JESUS and DELIA C. ESTRADA,
     individuals,
11

           Plaintiff,
12

13         vs.

14   NATIONSTAR MORTGAGE, LLC, a
     Limited Liability Company; and Does 1-50,
15   inclusive,

16            Defendant.

Case No. CV-13 - 0539 PSG

State Case No. 113cv239428

**NOTICE OF REMOVAL OF UNLIMITED
CIVIL ACTION UNDER 28 U.S.C. § 1332
[DIVERSITY JURISDICTION]**

Action filed: January 14, 2013
Trial Date: None Set

17 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, THE CLERK**

18 **OF THE ABOVE-ENTITLED COURT, AND THE HONORABLE UNITED**

19 **STATES DISTRICT JUDGE:**

20        PLEASE TAKE NOTICE that defendant Nationstar Mortgage, LLC

21 (hereinafter, "Nationstar") hereby removes the above-entitled action from the

22 Superior Court of the State of California in and for the County of Santa Clara to the

23 United States District Court, Northern District, San Jose Division based on diversity

24 of citizenship pursuant to 28 U.S.C. sections 1441 and 1332, as further alleged

25 below:

26       1.     Plaintiffs Jesus and Delia C. Estrada (hereinafter, "Plaintiffs") initiated

27 the present action by filing a complaint in the Superior Court of California in and for

28 the County of Santa Clara on January 14, 2013, where it was assigned case number

113cv239428 (hereinafter, "State Court Action").

2.     On January 15, 2013, Plaintiffs served Nationstar with a summons and a copy of the complaint in the State Court Action. True and correct copies of these documents are attached hereto as **Exhibit A**. Removal is therefore timely under 28 U.S.C. section 1446(b).

3.     Nationstar has not yet responded to the complaint in the State Court Action.

4.     Removal to this district is proper because this is the district which embraces the county in which Plaintiff filed the State Court Action. 28 U.S.C. § 1441(a).

5.     Removal to the San Jose Division of the United States District Court for the Northern District of California is proper because all civil actions which arise in the county of Santa Clara are assigned to the San Jose Division pursuant to Civil L.R. 3-2(c).

6.     Nationstar is entitled to remove the State Court Action because this Court has original jurisdiction of this case pursuant to 28 U.S.C. section 1332 in that it is an action that may be removed to this Court pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum or value of $75,000.00, exclusive of costs and interest.

7.     Complete diversity of citizenship exists in this case because "no defendant in this action has the same citizenship as the plaintiff." *Republic Western Ins. Co. v. International Ins. Co.* 765 F.Supp. 628, 629; 28 U.S.C. § 1332(a)(1) (N.D. Cal. 1991). Specifically:

    a) Plaintiffs are, and, at the time they filed the complaint were, citizens of the State of California. *See* Complaint (hereinafter, Compl."), ¶ 1; *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property ownership are factors in domicile for diversity

1  jurisdiction); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d

2  514, 520 (10th Cir. 1994) ("[P]lace of residence is prima facie the

3  domicile.").

4  b) Nationstar is not, and at the time Plaintiffs filed the complaint was not,

5  a citizen of the State of California. Nationstar is a citizen of Delaware

6  for diversity purposes. A limited liability company is a citizen of every

7  state in which its owners or members are citizens. *Johnson v. Columbia*

8  *Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *GMAC*

9  *Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827,

10  828-29 (8th Cir. 2004). Defendant Nationstar Mortgage, LLC, is a

11  Delaware limited liability company. Its members are Nationstar Sub1

12  LLC (with 99% ownership) and Nationstar Sub2 LLC (with 1%

13  ownership). Both members are also Delaware limited liability

14  companies. Nationstar Sub1 and Nationstar Sub2 are 100% owned by

15  Nationstar Mortgage Holdings, Inc., a Delaware corporation. The

16  principal place of business for Nationstar Mortgage Holdings, Inc. is

17  located at 350 Highland Dr., Lewisville, TX 75067.

18  c) The citizenship of Does 1 through 50 has no impact on whether

19  complete diversity exists between plaintiff and defendants. *See* 28

20  U.S.C. section 1441(a) ("the citizenship of Defendants sued under

21  fictitious names shall be disregarded.").

22  8.    The amount in controversy exceeds $75,000.00. 28 U.S.C. §

23  1332(a). Generally, "[t]he amount in controversy is determined from the allegations

24  or prayer of the complaint." WILLIAM W. SCHWARZER, FEDERAL CIVIL PROCEDURE

25  BEFORE TRIAL, § 2:1782 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

26  U.S. 283, 289 (1938) (holding that inability to recover an amount adequate to give

27  court jurisdiction does not oust court of jurisdiction ). "In actions seeking

28  declaratory or injunctive relief, it is well established that the amount in controversy

is measured by the value of the object of the litigation. If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-13 (N.D. Cal. 2010) (internal citations omitted).

Here, Plaintiffs seek to, among other things, permanently enjoin Nationstar from conducting a foreclosure on the subject property. Compl., Prayer for Relief, ¶ 2. Plaintiffs also seek damages in the amount of $100,000 and additional damages to be proven at trial. *Id.* at ¶ 3. Based on these allegations, and given the value of real property in California, it is facially apparent from the Complaint that the amount in controversy in this action exceeds $75,000.

9.    Pursuant to 28 U.S.C. section 1446(d), a copy of this notice of removal with its attachments will be promptly served on Plaintiffs, and notice thereof will be filed with the Clerk of the Santa Clara County Superior Court.

10.    Pursuant to 28 U.S.C. section 1446(a), the only pleadings and orders filed with the Santa Clara County Superior Court in the State Court Action are the summons and complaint attached hereto as **Exhibit A**.

WHEREFORE, Nationstar hereby removes Santa Clara County Superior Court Case No. 113cv239428 to the United States District Court, Northern District of California, San Jose Division. Nationstar prays that this Court assume jurisdiction over the action and determine it on the merits.

DATED:  February 6, 2013            SEVERSON & WERSON
                                     A Professional Corporation


                                     By:  _____
                                               Alisa A. Givental

                                     Attorneys for Defendant NATIONSTAR MORTGAGE,
                                     LLC

1

## PROOF OF SERVICE
*Estrada v. Nationstar Mortgage, LLC*

2

3     At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of San Francisco, State of California.  My business address is One
Embarcadero Center, Suite 2600, San Francisco, CA 94111.

4

5     On February 6, 2013, I served true copies of the following document(s):

6     **NOTICE OF REMOVAL OF UNLIMITED CIVIL ACTION UNDER 28 U.S.C.
§ 1332 [DIVERSITY JURISDICTION]**

7   on the interested parties in this action as follows:

8     **SEE ATTACHED SERVICE LIST**

9     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
10   mailing, following our ordinary business practices.  I am readily familiar with Severson &
Werson's practice for collecting and processing correspondence for mailing.  On the same day that
11   the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

12

13     I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of
this Court at whose direction the service was made.

14

15     Executed on February 6, 2013, at San Francisco, California.

16

17                                   Juli Carter

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
**Estrada v. Nationstar Mortgage, LLC**

2

3   Ekaterina Berman                              *Attorneys for Plaintiffs*
    Law Office of Ekaterina Berman               *Jesus and Delia C. Estrada*
4   3031 Tisch Way, Suite 711
    San Jose, CA 95128                            Telephone: (408) 483-3012
5                                                 Email:  eberman@ebermanlaw.com

6   Clerk, Civil Division
    Santa Clara County Superior Court
7   191 N. First St.
    San Jose. CA 95113
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Nationstar Mortgage, LLC, a Limited Liability Company; and Does
1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Jesus and Delia C. Estrada, individuals



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

(ENDORSED)
FILED
JAN 1 4 2013
DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ Deputy

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Santa Clara County Superior Court<br>191 North First Street, San Jose, CA 95113 | CASE NUMBER:<br>(Número del Caso): 113CV239428 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Ekaterina Berman, 3031 Tisch Way, Suite 711, San Jose, CA 95128; tel.: (408) 483-3012

DATE: 01/14/2013          Clerk, by _____, Deputy
(Fecha)                   (Secretario)                      (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Nationstar Mortgage, LLC, a Limited Liability Company, a
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Ekaterina Berman (State Bar No. 244799)
Law Office of Ekaterina Berman
3031 Tisch Way, Suite 711
San Jose, CA 95128
TELEPHONE NO.: (408) 483-3012      FAX NO.:
ATTORNEY FOR *(Name):* Jesus and Delia C. Estrada

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

**FOR COURT USE ONLY**
(ENDORSED)
FILED
JAN 14 2013
DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPT

CASE NAME:
Jesus and Delia C. Estrada v. Nationstar Mortgage, LLC, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 113CV239428 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (08)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/14/2013
Ekaterina Berman
(TYPE OR PRINT NAME)      E. Berman
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2
Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER  1 3 C V 2 3 9 4 2 8

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, using the *proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1loc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* Honorable Kevin McKenney     Department:    20

The 1st CMC is scheduled for: (Completed by Clerk of Court)
    Date:    MAY 1 4 2013     Time: 2:15 PM   in Department: 20

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
    Date: _____     Time: _____   in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
> < The parties want a non-adversary procedure
> < The parties have a continuing business or personal relationship
> < Communication problems are interfering with a resolution
> < There is an emotional element involved
> < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
> < The parties are far apart in their view of the law or value of the case
> < The case involves a technical issue in which the evaluator has expertise
> < Case planning assistance would be helpful and would save legal fees and costs
> < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 6/08

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    < The action is for personal injury, property damage, or breach of contract
    < Only monetary damages are sought
    < Witness testimony, under oath, needs to be evaluated
    < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
    < The parties have complex facts to review
    < The case involves multiple parties and problems
    < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.    .

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION


CV-5003 REV 6/08

EKATERINA BERMAN (State Bar No. # 244799)
Law Office of Ekaterina Berman
3031 Tisch Way, Suite 711
San Jose, CA 95128
Tel. No. (408) 483-3012
Email: eberman@ebermanlaw.com

Attorney for Plaintiffs
JESUS and DELIA C. ESTRADA

(ENDORSED)
F I L E D
JAN 1 4 2013
DAVID H. YAMASAKI
Superior Court of CA County of Santa Clara
Clerk
DEP

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA—UNLIMITED CIVIL DIVISION

| | |
|---|---|
| JESUS and DELIA C. ESTRADA,<br>individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a<br>Limited Liability Company; and , DOES 1-<br>50, inclusive,<br><br>Defendants. | Case No.: 113CV238428<br><br>**COMPLAINT FOR**<br><br>1. **Violation of Civil Code § 2923.5**<br>2. **Violation of Civil Code § 2924c**<br>3. **Unfair Business Practices (Bus. &**<br>   **Prof. Code §§ 17200, et. seq.)**<br>4. **Declaratory Relief** |

Plaintiffs, JESUS and DELIA C. ESTRADA, allege against Defendants as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs JESUS and DELIA C. ESTRADA are, and were at all times material to this Complaint, individuals residing in Santa Clara County, California.

2. Defendant NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") was at all times material to this Complaint doing business in Santa Clara County, California.

3. Upon information and belief, Defendants sued herein as DOES 1-50 were doing business in Santa Clara County, California.

4. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1-50. Plaintiffs will amend this Complaint to allege the true names and capacities of Defendants sued herein as DOES 1-50 when the same have been ascertained.

1
COMPLAINT

5.  Plaintiffs are informed and believe, and thereon allege, that at all times mentioned in this Complaint, each Defendant was an agent or employee of the other Defendants, and in performing the acts alleged in this Complaint, was acting within the course and scope of such agency or employment. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned in this Complaint, each Defendant ratified, authorized, knew about, should have known about, or condoned the acts of each and every Defendant.

6.  Plaintiffs are informed and believe, and thereon allege, that all Defendants are responsible in some manner for the occurrences alleged in this Complaint, and that Plaintiffs' damages were proximately caused by the acts of the aforementioned Defendants, and each of them.

7.  Jurisdiction of this Court over the instant action is based upon Code of Civil Procedure § 88.

8.  Venue is properly placed in Santa Clara County, California, pursuant to Code of Civil Procedure § 392 because this action arises out of an offer or provision of a loan that is primarily intended for personal, family, or household use in Santa Clara County, and the acts alleged in this Complaint occurred in Santa Clara County.

## FACTUAL ALLEGATIONS

9.  Civil Code § 2923.5 requires NATIONSTAR to work with Plaintiffs in good faith on alternatives to foreclosure. Plaintiffs bring this action because NATIONSTAR failed and refused to explore all possible foreclosure alternatives with Plaintiffs and to give Plaintiffs an opportunity to reinstate their loan according to Civil Code § 2924c(e).

10. Plaintiffs own real property commonly known as 35 North Leigh Avenue, Campbell, CA. Plaintiffs have lived in their home for 23 years. Plaintiffs wish to keep their home in good faith. When Plaintiffs refinanced their mortgage, Plaintiffs accepted a negative amortization loan ("Subject Loan"). Plaintiffs fell behind on their mortgage payments when the low "teaser" monthly payment expired. Plaintiffs could not refinance the Subject Loan because the value of their home is less than the outstanding balance of the Subject Loan. Plaintiffs believe that the fair market value of their home is approximately $760,000.00, and the outstanding balance of the Subject Loan is approximately $850,000.00.

11. NATIONSTAR is the current servicer of the Subject Loan. Plaintiffs attempted to negotiate a loan workout with NATIONSTAR on their own.

12. In July 2012, Plaintiffs submitted their financial information to NATIONSTAR.

13. On August 21, 2012 Plaintiffs spoke with a NATIONSTAR representative who called herself

"Carla" at extension 5078.  "Carla" said that Plaintiff's financial information would be reviewed for a loan workout under the Home Affordable Modification Program ("HAMP").

14. On August 22, 2012, Plaintiffs spoke with a NATIONSTAR representative who called himself "Mike Kandler."  "Mr. Kandler" conducted the lender interview with Plaintiffs. After the interview, "Mr. Kanlder" told Plaintiffs that Plaintiff's financial information is under review and that a negotiator will be assigned to Plaintiff's file.  "Mr. Kandler" told Plaintiffs that the assigned negotiator will contact Plaintiffs.

15. On August 23, 2012, Plaintiffs spoke to a NATIONSTAR representative who called herself "Crystal."  "Crystal" spoke with Plaintiffs regarding obtaining a BPO for a short sale. Plaintiffs told "Crystal" that their financial information was under review for a loan workout based on a reduced monthly payment.

16. On August 27, 2012, Plaintiffs spoke with a NATIONSTAR representative who called herself "Cecilia," extension 5706.  Plaintiffs explained to "Cecilia" that their financial information was under review.  "Cecilia" assured Plaintiffs that their loan account will be updated to reflect that their financial information is under review.

17. On August 28, 2012, Plaintiffs received a notice of short sale cancellation from NATIONSTAR.  Plaintiffs understood that their financial information was still under review at that point in time.

18. On August 31, 2012, Plaintiffs received a voicemail from a NATIONSTAR representative who called herself "Maryann Saucedo," extension 5175.

19. On September 4, 2012, Plaintiffs wrote an email to "Maryann Saucedo."  From "Ms. Saucedo's" August 31, 2012 voicemail, Plaintiffs understood that "Ms. Saucedo" was the negotiator assigned to their file.  Plaintiffs wrote to "Ms. Saucedo" that they had attempted to contact her on two separate occasions between August 31, 2012 and September 4, 2012.  At that point in time, Plaintiffs were informed that the foreclosure was scheduled on September 26, 2012.  As of September 4, 2012, NATIONSTAR had not informed Plaintiffs of its decision regarding Plaintiffs' loan workout request. In the email to "Ms. Saucedo," Plaintiffs expressed concern that not enough time was remaining for NATIONSTAR to complete the review of their financial information before the foreclosure and to afford Plaintiffs another alternative to foreclosure, such as a short sale or reinstatement of the loan.  Plaintiffs expressed their anxiety to "Ms. Saucedo" over the impending loss of their home.  "Ms.

3<br>COMPLAINT

Saucedo" did not respond to Plaintiffs' email.

20. On September 4, 2012, Plaintiffs called NATIONSTAR. Plaintiffs were informed that a negotiator by the name of "Angie" was assigned to their file. Plaintiffs were also informed that their financial information was under review and that no additional documents were needed at that point.

21. On September 5, 2012, Plaintiffs noticed that a Notice of Trustee Sale was posted on the front door of their home. The foreclosure was scheduled on September 26, 2012. Plaintiffs called NATIONSTAR regarding postponement of the foreclosure. Plaintiffs spoke with several representatives who could not answer their questions.

22. On September 6, 2012, Plaintiffs the called the foreclosure trustee and spoke with a representative who called herself "Mercedes." "Mercedes" told Plaintiffs that the foreclosure scheduled on September 26, 2012 was placed on hold.

23. On September 6, 2012, Plaintiffs also called NATIONSTAR and spoke with "Ms. Saucedo." "Ms. Saucedo" told Plaintiffs that their financial information was under review and that no additional documents were needed.

24. On September 12, 2012, a NATIONSTAR representative who called herself "Angie" called Plaintiffs. "Angie" told Plaintiffs that she was the new negotiator assigned to their file. "Angie" told Plaintiffs that she replaced "Ms. Saucedo." "Angie" told Plaintiffs that their financial information was under review and that no documents were needed.

25. On September 14, 2012, Plaintiffs faxed a letter to "Maryann Saucedo" at (214) 626-1146. Plaintiffs requested that "Ms. Saucedo" confirm that she was replaced by "Angie" as the negotiator assigned to Plaintiffs' file. Plaintiffs again expressed their concern over the impending loss of their home on September 26, 2012. Plaintiffs requested a confirmation from "Ms. Saucedo" either via a phone call or in writing that "Angie" had replaced her as the negotiator. Plaintiffs did not receive a response to their fax from "Ms. Saucedo."

26. On September 19, 2012, Plaintiffs called NATIONSTAR and spoke with a representative who called herself "Tiffany." Plaintiffs requested a postponement of the foreclosure that was scheduled on September 26, 2012. "Tiffany" assured Plaintiffs that she will request postponement of the foreclosure. Plaintiffs expressed concern about the prolonged review of their financial information and the impending foreclosure.

27. On September 19, 2012, Plaintiffs also called the foreclosure trustee. Plaintiffs spoke with a

4
COMPLAINT

representative who called himself "Jeno," extension 241. "Jeno" assured Plaintiffs that he would implement a hold on the September 26, 2012 foreclosure. "Jeno" instructed Plaintiffs to continue to check on the status of the foreclosure.

28. On September 21, 2012, Plaintiffs received a letter from NATIONSTAR stating that their request for a loan workout under HAMP was denied.

29. On September 24, 2012, Plaintiffs called NATIONSTAR and attempted to speak with their negotiator "Angie." "Angie" was not available. Plaintiffs spoke to another NATIONSTAR representative who told Plaintiffs that the foreclosure was re-scheduled from September 26, 2012 to October 26, 2012. The representative also told Plaintiffs that their financial information was under continued review for a "Cap" loan workout program. The representative confirmed that no additional financial documents were needed.

30. On October 5, 2012, Plaintiffs called NATIONSTAR to follow up regarding the review status. Plaintiffs attempted to speak with their negotiator "Angie." "Angie" was not available. Plaintiffs spoke with a NATIONSTAR representative who called himself "Morgan." "Morgan" told Plaintiffs that their financial information was under review. "Morgan" also told Plaintiffs that the review would take approximately 30 to 60 days.

31. On October 12, 2012, Plaintiffs called NATIONSTAR to follow up regarding the review status. Plaintiffs spoke with a NATIONSTAR representative who called herself "Britney." "Britney" said that Plaintiffs did not qualify for a "Cap" loan workout.

32. On October 15, 2012, Plaintiffs called NATIONSTAR in order to speak with "Angie" about other available loan workout options. "Angie" was not available. Plaintiffs spoke to a NATIONSTAR representative who called herself "Lori Kearns." Plaintiffs requested for their financial information to be reviewed for an in-house loan workout program. "Ms. Kearns" conducted another lender interview with Plaintiffs. Plaintiffs submitted updated financial information to "Ms. Kearns" over the telephone. "Ms. Kearns" also told Plaintiffs that the foreclosure scheduled on October 26, 2012 was placed on hold.

33. On October 23, 2012, Plaintiffs called NATIONSTAR in order to speak to "Angie." "Angie" was not available. Plaintiffs spoke to a NATIONSTAR representative who called herself "Beth." "Beth" told Plaintiffs that a new review of their financial information initiated by "Lori Kearns" was closed because Plaintiffs did not qualify for HAMP. Plaintiffs requested that their financial information be reviewed for loan workout alternatives

1  other than HAMP.

2  34. On October 26, 2012, Plaintiffs called the foreclosure trustee and again spoke with a
3     representative who called himself "Jeno." "Jeno" told Plaintiffs that the foreclosure was re-
4     scheduled from October 26, 2012 to November 26, 2012.
5  35. On November 8, 2012, Plaintiffs called NATIONSTAR to follow up with "Angie" regarding
6     the status of the review of their financial information for an in-house loan workout program.
7     "Angie" was not available. Plaintiffs spoke to a NATIONSTAR representative who called
8     himself "Marcus." "Marcus" told Plaintiffs that their financial information was under
       review.
9  36. On November 19, 2012, Plaintiffs called NATIONSTAR to follow up with "Angie"
10    regarding the status of the review. "Angie" was not available. Plaintiffs spoke with a
11    NATIONSTAR representative who called herself "Catalina." "Catalina" informed Plaintiffs
12    that their request for a loan workout was denied. "Catalina" also informed Plaintiffs that the
13    foreclosure will proceed on November 26, 2012.
14 37. On November 19, 2012, Plaintiffs called a HOPE. Plaintiffs spoke with a HOPE counselor
15    who called herself "Alison." "Alison" arranged a conference call with NATIONSTAR.
16    Plaintiffs, with the assistance of "Alison," spoke with NATIONSTAR'S representative who
17    called herself "Kimberly." Plaintiffs asked "Kimberly" about the possibility of a short sale.
      "Kimberly" instructed Plaintiffs to submit a short sale offer to NATIONSTAR. "Kimberly"
18    also told Plaintiffs that Plaintiffs' loan workout file was closed as of October 25, 2012.
19    "Kimberly" clarified to Plaintiffs that, as of October 25, 2012, NATIONSTAR had stopped
20    the review of Plaintiffs' financial information. At that point in time, the foreclosure was only
21    seven days away. "Kimberly" did not provide Plaintiffs a loan reinstatement quote.
22 38. None of the NATIONSTAR representatives with whom Plaintiffs spoke provided Plaintiffs a
23    loan reinstatement quote. NATIONSTAR did not inform Plaintiffs that they have the right to
24    reinstate their loan according to Civil Code § 2924c(e).

25            **FIRST CAUSE OF ACTION**
26          **VIOLATION OF CIVIL CODE § 2923.5**
27         **(AGAINST DEFENDANT NATIONSTAR)**

   39. Plaintiffs re-allege and incorporate each and every paragraph above.
28 40. California Civil Code § 2923.5 provides that the beneficiary must contact the borrower via

phone or in person to assess the homeowner's financial situation to explore options for the homeowner to avoid foreclosure. The statute requires such contact and lists a statutory scheme for due diligence which the beneficiary must follow, or else a statement must be included referencing that attempts were made but despite the due diligence, the beneficiary was unable to make contact (CC 2923.5(g)). There are certain steps which must be taken as outlined in CC 2923.5(f)-(j), which include a letter by first class mail that includes a toll free number made available by HUD and thereafter three attempts to contact the borrower by phone to the primary number on file. Then the beneficiary must determine if the primary and any secondary number is disconnected. If so, the beneficiary must send a letter by certified mail.

41. Under Civil Code § 2923.5, NATIONSTAR had a duty to contact Plaintiffs to discuss alternatives to foreclosure, then wait 30 days after the contact before filing a notice of default.

42. NATIONSTAR'S conduct alleged in this Complaint constitutes acts and practices that violate Civil Code § 2923.5.

43. NATIONSTAR'S representatives did not contact Plaintiff to assess Plaintiffs' financial situation and discuss alternatives to foreclosure 30 days prior to filing the Notice of Default. NATIONSTAR never contacted Plaintiffs to discuss alternatives to foreclosure in good faith. Instead, Plaintiffs were contacting NATIONSTAR with repeated requests for a good-faith loan modification review.

44. NATIONSTAR was required to refrain from filing a notice of default and proceeding with the foreclosure process until 30 days had passed from the time NATIONSTAR attempted to contact Plaintiffs.

45. NATIONSTAR was further required to describe any and all due diligence it took as required by Civil Code § 2923.5. NATIONSTAR made no such efforts and NATIONSTAR failed to describe any such efforts.

46. NATIONSTAR never called Plaintiffs to inform Plaintiffs about the amount of outstanding loan arrears and to inform Plaintiffs that they had to cure their arrears within a specific time frame to stay in their home.

47. Plaintiffs were unaware of the above violations until after the Notice of Default and the Notice of Trustee sale have been issued.

48. As a proximate result of NATIONSTAR'S conduct, Plaintiffs suffered and will continue to suffer substantial and irreparable injury because Plaintiffs stand to lose their home. There is now a cloud on Plaintiffs' title to their home. Because NATIONSTAR violated Civil Code § 2923.5, Plaintiffs request that the Court order NATIONSTAR to stop any and all foreclosure actions until NATIONSTAR considers alternatives to foreclosure in good faith.

49. Plaintiffs further seek equity from this Court rescinding the Notice of Default and Notice of Trustee Sale because NATIONSTAR did not consider alternatives to foreclosure.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CIVIL CODE § 2924c**

**(AGAINST DEFENDANT NATIONSTAR)**

50. Plaintiffs re-allege and incorporate each and every paragraph above.

51. California Civil Code § 2924c enables borrowers to avoid foreclosure by paying the amount actually in default not more than five days before the dates of the foreclosure sale. Civil Code § 2924c(e) provides: "Reinstatement of a monetary default under the terms of an obligation secured by a deed of trust, or mortgage, may be made any time within the period commencing with the date of recordation of the notice of default until five business days prior to the date of sale set forth in the initial recorded notice of sale."

52. NATIONSTAR failed to institute policies and procedures that protect borrowers', Plaintiffs included, statutory right of reinstatement. NATIONSTAR did not disclose to Plaintiffs the amount of the loan arrearage so that Plaintiffs could reinstated their loan prior to foreclosure. NATIONSTAR initiated the foreclosure without providing Plaintiffs an opportunity to reinstate the loan by paying the amount in default prior to foreclosure.

53. Here, as evidenced by the facts set forth above, NATIONSTAR failed to allow Plaintiffs an opportunity to cure their loan arrears prior to foreclosure as mandated  Civil Code § 2924c(e). NATIONSTAR told Plaintiffs that their loan modification request was denied only *seven days* before the foreclosure scheduled on November 26, 2012.   As such, NATIONSTAR did not allow Plaintiffs sufficient time to cure their loan arrears.

54. NATIONSTAR led Plaintiffs to believe that it wanted to help Plaintiffs keep their home. In fact, NATIONSTAR had no intention to help Plaintiffs. NATIONSTAR had no intention to provide Plaintiffs an opportunity to cure the loan delinquency prior to foreclosure. NATIONSTAR designed its scheme of depriving Plaintiffs of an opportunity to cure their

**8**
COMPLAINT

1    loan arrears so that it could foreclose.

2    55. As a proximate result of NATIONSTAR'S conduct, Plaintiffs suffered and will continue to

3        suffer substantial and irreparable injury because Plaintiffs stand to lose their home. Because

4        NATIONSTAR violated Civil Code § 2924c, Plaintiffs request that the Court order

5        NATIONSTAR to stop any and all foreclosure actions until NATIONSTAR considers

6        alternatives to foreclosure in good faith and gives Plaintiffs an opportunity to cure their loan

7        arrears as prescribed under Civil Code § 2924c.

8    56. Plaintiffs further seek equity from this Court rescinding the Notice of Default and Notice of

9        Trustee Sale because NATIONSTAR did not consider alternatives to foreclosure.

### THIRD CAUSE OF ACTION

10   ### UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200, ET. SEQ.)

11   ### (AGAINST ALL DEFENDANTS)

12   57. Plaintiffs re-allege and incorporate each and every paragraph above.

13   58. California unfair competition law defines unfair business practices to include "unlawful,

14       unfair, or fraudulent" act or business practice. (Bus. & Profs. Code §§ 17200, et. seq.) The

15       conduct of NATIONSTAR described in this Complaint constitutes unfair business practices,

16       including its violation of Civil Code § 2923.5 and Civil Code § 2924c.

17   59. Specifically, NATIONSTAR engaged in unfair business practices based on its failure to

18       comply with procedural requirements governing foreclosure.  NATIONSTAR proceeded

19       with foreclosure without providing Plaintiff an opportunity to cure their loan arrears in

         violation of Civil Code § 2924c(e).

20   60. NATIONSTAR engaged in unfair business practices because it violated the laws and

21       underlying legislative policies concerning foreclosure prevention.

22   61. NATIONSTAR'S conduct offends public policy and/or it is immoral, unethical, or

23       substantially injurious to consumers. Aurora's conduct in this regard consists of proceeding

24       to foreclosure without providing Plaintiff an opportunity to cure their loan arrears.

25   62. NATIONSTAR'S acts and practices violate established public policy and the harm they

26       cause to consumers, Plaintiffs included, greatly outweighs any benefits associated with those

27       practices.

     63. NATIONSTAR'S unfair business practices caused harm to Plaintiffs. Plaintiffs are entitled

28       to relief, including an injunction prohibiting NATIONSTAR from engaging in the practices

described in this Complaint and an injunction prohibiting NATIONSTAR from foreclosing Plaintiffs home without having considered alternatives to foreclosure.

### FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF

### (AGAINST ALL DEFENDANTS)

64. Plaintiffs re-allege and incorporate each and every paragraph above.

65. A real and actual controversy arose and now exists between Plaintiffs and NATIONSTAR concerning the legality and enforceability of NATIONSTAR'S business practices described in this Complaint.

66. Plaintiffs contend that NATIONSTAR committed unlawful and unfair acts or practices by failing to comply with the procedural requirements governing foreclosure. More specifically, NATIONSTAR initiated foreclosure without providing Plaintiffs an opportunity to cure their loan arrears in violation of Civil Code § 2924c(e).

67. Plaintiffs also contend that NATIONSTAR'S conduct constitutes systematic failure to consider alternatives to foreclosure.

68. Plaintiffs seek a judicial determination as to the legality of the business practices complained of herein. A judicial declaration is necessary and appropriate for Plaintiffs to ascertain their rights and duties.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief as follows:

1. A permanent and final injunction enjoining NATIONSTAR, its agents, employees, affiliates, and subsidiaries from engaging in unfair business practices described in this Complaint;

2. A permanent and final injunction enjoining NATIONSTAR from foreclosing Plaintiffs home until NATIONSTAR fully complies with the procedural requirements governing foreclosure;

3. Damages sustained by Plaintiffs due to Defendants' acts in the amount of $100,000; additional damage are to be proved at trial;

4. A permanent and final injunction enjoining NATIONSTAR from interfering with Plaintiffs' quiet enjoyment of their home;

5. A permanent and final injunction enjoining NATIONSTAR from transferring Plaintiffs'

home to a third party;

6. A permanent and final injunction enjoining NATIONSTAR from evicting Plaintiffs from their home; and

7. Award of the costs of this action, including reasonable attorney fees, pursuant to Plaintiffs' deed of trust;

8. Any such other relief and the Court deems just, proper, and equitable.

Dated: January 14, 2013                    Law Office of Ekaterina Berman


                                            By: *G. Berman*
                                            Ekaterina Berman
                                            Attorney for Plaintiffs

11
COMPLAINT