MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
ALISA A. GIVENTAL (State Bar No. 273551)
aag@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN JOSE DIVISION

| | |
|---|---|
| JESUS and DELIA C. ESTRADA, individuals,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a Limited Liability Company; and Does 1-50, inclusive,<br><br>Defendant. | Case No.: CV-13-00539 PSG<br><br>ANSWER OF DEFENDANT NATIONSTAR MORTGAGE, LLC, TO PLAINTIFFS' COMPLAINT<br><br><br>Action filed: January 14, 2013<br>Trial Date: None Set |

**ANSWER**

Defendant Nationstar Mortgage, LLC ("Nationstar"), answers the complaint of plaintiffs Jesus and Delia C. Estrada ("Plaintiffs") as follows:

**PARTIES AND JURISDICTION**

1.  Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 of Plaintiffs' complaint and on that ground denies them.

2.  In response to Paragraph 2 of Plaintiffs' complaint, Nationstar admits that it was doing business in Santa Clara County, California at the time that it took over the servicing of Plaintiffs' loan that is at issue in this litigation.

3.  Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 of Plaintiffs' complaint and on that ground denies them.

4.  Nationstar responds that Paragraph 4 of Plaintiffs' complaint requires neither denial

nor admission.

5. Nationstar denies the allegations of Paragraph 5 of Plaintiffs' complaint.

6. Nationstar denies the allegations of Paragraph 6 of Plaintiffs' complaint.

7. Nationstar responds that Paragraph 7 of Plaintiffs' complaint requires neither denial nor admission.

8. In response to the allegations in Paragraph 8 of Plaintiffs' complaint, Nationstar admits that venue in Santa Clara County, California, is proper.

## **FACTUAL ALLEGATIONS**

9. In response to the allegations in Paragraph 9 of Plaintiffs' complaint, Nationstar admits that the requirements contained in Civil Code § 2923.5 speak for themselves.  Nationstar denies that Plaintiffs' interpretation of Civil Code § 2923.5 requirements contained in paragraph 9 is true or accurate.  Nationstar denies the remaining allegations in Paragraph 9 of Plaintiffs' complaint.

10. Nationstar admits that Plaintiffs obtained the loan that is the subject of this litigation.  Nationstar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 10 of Plaintiffs' complaint and on that ground denies them.

11. In response to the allegations in Paragraph 11 of Plaintiffs' complaint, Nationstar admits that it is the current servicer of Plaintiffs' loan.  Nationstar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 11 and on that ground denies them.

12. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 of Plaintiffs' complaint and on that ground denies them.

13. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the  allegations of Paragraph 13 of Plaintiffs' complaint and on that ground denies them.

14. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 of Plaintiffs' complaint and on that ground denies them.

15. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of Plaintiffs' complaint and on that ground denies them.

16. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of Plaintiffs' complaint and on that ground denies them.

17. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of Plaintiffs' complaint and on that ground denies them.

18. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of Plaintiffs' complaint and on that ground denies them.

19. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of Plaintiffs' complaint and on that ground denies them.

20. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 of Plaintiffs' complaint and on that ground denies them.

21. Nationstar admits that the Notice of Trustee's sale recorded on August 31, 2012, in the official records of Santa Clara County noticed the trustee's sale for September 26, 2012. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 21 of Plaintiffs' complaint and on that ground denies them.

22. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22 of Plaintiffs' complaint and on that ground denies them.

23. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 of Plaintiffs' complaint and on that ground denies them.

24. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24 of Plaintiffs' complaint and on that ground denies them.

25. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 of Plaintiffs' complaint and on that ground denies them.

26. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26 of Plaintiffs' complaint and on that ground denies them.

27. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 of Plaintiffs' complaint and on that ground denies them.

28. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 28 of Plaintiffs' complaint and on that ground

denies them.

29. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of Plaintiffs' complaint and on that ground denies them.

30. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 of Plaintiffs' complaint and on that ground denies them.

31. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 of Plaintiffs' complaint and on that ground denies them.

32. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 of Plaintiffs' complaint and on that ground denies them.

33. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 of Plaintiffs' complaint and on that ground denies them.

34. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34 of Plaintiffs' complaint and on that ground denies them.

35. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35 of Plaintiffs' complaint and on that ground denies them.

36. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36 of Plaintiffs' complaint and on that ground denies them.

37. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37 of Plaintiffs' complaint and on that ground denies them.

38. Nationstar denies that it did not inform Plaintiffs they had the right to reinstate the loan which is the subject of this litigation.  Nationstar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 38 of Plaintiffs' complaint and on that ground denies them.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF CIVIL CODE § 2923.5)**
**(AGAINST DEFENDANT NATIONSTAR**

39. Nationstar incorporates by reference its responses, admissions and denials to all preceding paragraphs as though fully set forth herein.

40. In response to the allegations in Paragraph 40 of Plaintiffs' complaint, Nationstar

1 denies that Plaintiffs accurately summarize the requirements of Civil Code § 2923.5. Nationstar further responds that the allegations in Paragraph 40 call for a legal conclusion and therefore require neither denial nor admission. To the extent that the allegations in paragraph 40 may be construed as allegations of any wrongdoing by Nationstar, Nationstar denies the allegations in Paragraph 40.

41. In response to the allegations in Paragraph 41 of Plaintiffs' complaint, Nationstar denies that Plaintiffs accurately summarize the requirements of Civil Code § 2923.5. As a further response to the allegations in Paragraph 41, Nationstar responds that it was not the servicer of Plaintiffs' loan at the time that the notice of default was recorded, and therefore denies that the duties outlined in Civil Code § 2923.5 are applicable to Nationstar. As a further response to the allegations in Paragraph 41 and to the extent that the allegations in paragraph 41 may be construed as allegations of any wrongdoing by Nationstar, Nationstar denies the allegations in Paragraph 41.

42. Nationstar denies the allegations in Paragraph 42 of Plaintiffs' complaint.

43. In response to the allegations in Paragraph 43 of Plaintiffs' complaint, Nationstar responds that it was not the servicer of Plaintiffs' loan at the time that the notice of default was recorded, and therefore denies that the duties outlined in Civil Code § 2923.5 are applicable to Nationstar. As a further response to the allegations in Paragraph 41, Nationstar denies that the predecessor servicer of Plaintiffs' loan failed to comply with the requirements of Civil Code § 2923.5. Nationstar denies the remaining allegations in Paragraph 43 of Plaintiffs' complaint.

44. In response to the allegations in Paragraph 44 of Plaintiffs' complaint, Nationstar responds that it was not the servicer of Plaintiffs' loan at the time that the notice of default was recorded, and therefore denies that the duties outlined in Civil Code § 2923.5 are applicable to Nationstar. As a further response to the allegations in Paragraph 44, Nationstar denies that the predecessor servicer of Plaintiffs' loan failed to comply with the requirements of Civil Code § 2923.5. Nationstar denies the remaining allegations in Paragraph 44 of Plaintiffs' complaint.

45. In response to the allegations in Paragraph 45 of Plaintiffs' complaint, Nationstar denies that Plaintiffs accurately summarize the requirements of Civil Code § 2923.5. As a further response to the allegations in Paragraph 45 of Plaintiffs' complaint, Nationstar responds that it was

1  not the servicer of Plaintiffs' loan at the time that the notice of default was recorded, and therefore
2  denies that the duties outlined in Civil Code § 2923.5 are applicable to Nationstar.  As a further
3  response to the allegations in Paragraph 45, Nationstar denies that the predecessor servicer of
4  Plaintiffs' loan failed to comply with the requirements of Civil Code § 2923.5.  Nationstar denies
5  the remaining allegations in Paragraph 45 of Plaintiffs' complaint.

6       46.     In response to the allegations in Paragraph 46 of Plaintiffs' complaint, Nationstar
7  denies that Plaintiffs accurately summarize the requirements of the Civil Code with regard to
8  notifying Plaintiffs of their right to cure the arrears on their loan within a specific period of time.
9  To the extent the allegations of Paragraph 46 purport to allege that Nationstar failed to comply
10 with any actual obligations under the Civil Code, Nationstar denies the allegations in Paragraph 46
11 of Plaintiffs' complaint.

12      47.     In response to the allegations in Paragraph 47 of Plaintiffs' complaint, Nationstar
13 denies that Plaintiffs have described any violations of the law and therefore denies Plaintiffs'
14 contention that "Plaintiffs were unaware of the above violations until after the Notice of Default
15 and Notice of Trustee sale have been issued."

16      48.     Nationstar denies the allegations in Paragraph 48 of Plaintiffs' complaint.  As a
17 further response to Paragraph 48 of Plaintiffs' complaint, Nationstar denies that Plaintiffs are
18 entitled to the relief sought in Paragraph 48.

19      49.     Nationstar denies the allegations in Paragraph 49 of Plaintiffs' complaint.  As a
20 further response to the allegations in Paragraph 49 of Plaintiffs' complaint, Nationstar denies that
21 Plaintiffs are entitled to the relief sought in Paragraph 49.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF CIVIL CODE § 2924C)**
**(AGAINST DEFENDANT NATIONSTAR)**

24      50.     Nationstar incorporates by reference its responses, admissions and denials to all
25 preceding paragraphs as though fully set forth herein.

26      51.     In response to the allegations in Paragraph 51 of Plaintiffs' complaint, Nationstar
27 responds that the allegations in this paragraph call for a legal conclusion and therefore require
28 neither denial nor admission.  To the extent that the allegations in Paragraph 51 may be construed

1  as allegations of any wrongdoing by Nationstar, Nationstar denies the allegations in Paragraph 51.

2      52.    Nationstar denies the allegations in Paragraph 52 of Plaintiffs' complaint.

3      53.    Nationstar denies the allegations in Paragraph 53 of Plaintiffs' complaint.

4      54.    Nationstar denies the allegations in Paragraph 54 of Plaintiffs' complaint.

5      55.    Nationstar denies the allegations in Paragraph 55 of Plaintiffs' complaint.  As a further response to the allegations in Paragraph 55 of Plaintiffs' complaint, Nationstar denies that Plaintiffs are entitled to the relief sought in Paragraph 55.  As a further response to the allegations in Paragraph 55 of Plaintiffs' complaint, Nationstar responds that not only were Plaintiffs already given an opportunity to cure the arrears on their loan as contemplated by Civil Code § 2924c, but also Plaintiffs still have the opportunity to cure the arrears on their loan as the date of the foreclosure sale of the subject property has been postponed.

    56.    Nationstar denies the allegations in Paragraph 56 of Plaintiffs' complaint.  As a further response to the allegations in Paragraph 56 of Plaintiffs' complaint, Nationstar denies that Plaintiffs are entitled to the relief sought in Paragraph 56.

### THIRD CAUSE OF ACTION
### (UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200, *ET SEQ.*))
### (AGAINST ALL DEFENDANTS)

    57.    Nationstar incorporates by reference its responses, admissions and denials to all preceding paragraphs as though fully set forth herein.

    58.    In response to Paragraph 58, Nationstar denies that the conduct of Nationstar described in the complaint constitutes unfair business practices.  As a further response to the allegations in Paragraph 58 of Plaintiffs' complaint, Nationstar responds that the remaining allegations in this paragraph call for a legal conclusion and therefore require neither denial nor admission.  To the extent that the remaining allegations in Paragraph 58 may be construed as allegations of any wrongdoing by Nationstar, Nationstar denies the remaining allegations in Paragraph 58.

    59.    Nationstar denies the allegations in Paragraph 59 of Plaintiffs' complaint.

    60.    Nationstar denies the allegations in Paragraph 60 of Plaintiffs' complaint.

    61.    Nationstar denies the allegations in Paragraph 61 of Plaintiffs' complaint.

62.   Nationstar denies the allegations in Paragraph 62 of Plaintiffs' complaint.

63.   Nationstar denies the allegations in Paragraph 63 of Plaintiffs' complaint. As a further response to the allegations in Paragraph 63 of Plaintiffs' complaint, Nationstar denies that Plaintiffs are entitled the relief sought in Paragraph 63.

**FOURTH CAUSE OF ACTION**
**(DECLARATORY RELIEF)**
**(AGAINST ALL DEFENDANTS)**

64.   Nationstar incorporates by reference its responses, admissions and denials to all preceding paragraphs as though fully set forth herein.

65.   Nationstar denies the allegations in Paragraph 65 of Plaintiffs' complaint.

66.   Nationstar denies the allegations in Paragraph 66 of Plaintiffs' complaint.

67.   Nationstar denies the allegations in Paragraph 67 of Plaintiffs' complaint.

68.   In response to the allegations in Paragraph 68 of Plaintiffs' complaint, Nationstar denies that Plaintiffs are entitled the relief sought in Paragraph 68.

**PRAYER FOR RELIEF**

69.   Nationstar denies that Plaintiffs have any right to the relief requested in Paragraphs 1-8 of the section in Plaintiffs' complaint titled "Prayer for Relief."

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.   Plaintiffs' complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

2.   The damage alleged in Plaintiffs' complaint resulted, in whole or in part, from Plaintiffs' failure to mitigate their alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

3.   Plaintiffs were at fault with respect to the matters alleged in Plaintiffs' complaint

and their recovery, if any, should be barred or reduced in proportion to their comparative fault.

## FOURTH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

4.      Any injury or damage to Plaintiffs was a result of the intentional, negligent, or otherwise wrongful acts of third parties, and any claims against Nationstar shall be reduced in proportion to the faults of these third parties.

## FIFTH AFFIRMATIVE DEFENSE

### (Reasonably Available Alternative)

5.      Plaintiffs are barred from bringing their complaint, and each cause of action contained therein, because they had a reasonably available alternative to the actions which they took or failed to take.  Plaintiffs could have avoided, in whole or in part, the damages alleged in their complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (No Illegal Act)

6.      At all times mentioned in Plaintiffs' complaint, Nationstar's actions were legal acts. Any determination of illegality and/or unfairness cannot be applied retroactively.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Law)

7.      Nationstar's compliance with the statutes, rules and regulations which govern the subject matter of this lawsuit precludes any liability to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

### (Privilege)

8.      Nationstar is informed and believes, and based thereon alleges, that its alleged conduct set forth in Plaintiffs' complaint is privileged under Civil Code § 2924(d).  Plaintiffs' recovery, if any, should be barred as a consequence of such privilege.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9.      Plaintiffs' complaint and each cause of action alleged therein is barred by the

1  applicable statute of limitations, including without limitation, California Code of Civil Procedure,
2  sections 335.1, 337.1, 337.3, and 338(a).

### TENTH AFFIRMATIVE DEFENSE

**(Waiver of Equitable Remedies)**

10. Nationstar is informed and believes, and thereupon alleges, that Plaintiffs' claims for equitable relief are barred because Plaintiffs, by virtue of their own acts and/or the acts and omissions of others chargeable to them, expressly, impliedly and/or equitably waived their rights to equitable remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Tender)**

11. Nationstar is informed and believes, and thereon alleges that Plaintiffs have not tendered the amounts received by virtue of the loan transaction, or any amount sufficient to cure the default on the loan in question. Such failure to tender bars Plaintiffs' request for the Court to order Nationstar to rescind the Notice of Default and Notice of Trustee's Sale.

### TWELFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

12. Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Laches)**

13. Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Damages Uncertain)**

14. Nationstar is informed and believes, and thereupon alleges, that the damages claimed by Plaintiffs in their complaint are uncertain and thereby preclude calculation and recovery thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

15. Plaintiffs consented to all of Nationstar's actions or omissions which give rise to the occurrences alleged in the complaint, and subsequently ratified that conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not "Unlawful"—Bus. & Prof. Code, § 17200)**

16. Nationstar's practices were not and are not unlawful and Nationstar complied with all applicable statutes and regulations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not "Unfair"—Bus. & Prof. Code, § 17200)**

17. Nationstar's business practices were not and are not "unfair" within the meaning of Business and Professions Code section 17200.  The utility of the practices outweighs any potential harm.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not "fraudulent" or "likely to mislead"—Bus. & Prof. Code, § 17200)**

18. Nationstar's business practices were not and are not likely to mislead the public.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Unknown Affirmative Defenses/Reservation of Rights)**

19. Nationstar presently has insufficient knowledge and information on which to form a belief as to whether it has additional affirmative defenses and Nationstar reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

**PRAYER**

WHEREFORE, Nationstar prays for judgment as follows:

1. That Plaintiffs' action and complaint be dismissed with prejudice.

2. That Nationstar be awarded its costs of suit.

3. That the Court award such other and further or different relief as this Court deems just and proper.

1  DATED:  February 13, 2013           SEVERSON & WERSON
                                       A Professional Corporation
2

3

4                                      By:      /s/ *Alisa A. Givental*
                                                     Alisa A. Givental
5
                                       Attorneys for Defendant
6                                      NATIONSTAR MORTGAGE, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11951.0131/2563835.2                   12

Case No. CV-13-00539 PSG
ANSWER OF DEFENDANT NATIONSTAR MORTGAGE, LLC TO PLAINTIFFS' COMPLAINT