**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESUS and DELIA ESTRADA,<br><br>                Plaintiffs,<br>    v.<br><br>NATIONSTAR MORTGAGE, LLC, et al,<br><br>                Defendants. | Case No.: 13-0539 PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Re: Docket No. 14)** |

In this foreclosure-related action, Defendant Nationstar Mortgage, LLC ("Nationstar") moves pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings regarding the complaint brought by Plaintiffs Jesus and Delia Estrada ("Plaintiffs"). Having reviewed the parties' papers, the court GRANTS the motion.

### I.    BACKGROUND

The court draws the following facts, which it accepts as true for the purposes of these motions, from Plaintiffs' complaint.[1]  Plaintiffs have resided for the last 23 years at 35 North Leigh

---

[1] *See* Docket No. 1 Ex. A.

1

Case No.: 13-539 PSG
**ORDER**

Avenue, Campbell, California (the "Subject Property"). At some point, they refinanced the mortgage on the Subject Property but fell behind on their monthly payments when the initial low interest rate expired. Plaintiffs cannot refinance their mortgage again because the fair market value of the Subject Property is approximately $760,000.00 whereas the outstanding balance of their current loan is about $850,000.00.

Plaintiffs approached Nationstar, the current servicer of the loan, in an attempt to negotiate a "loan workout." In July 2012, Plaintiffs submitted their financial information, and on August 21, 2012, they spoke with "Carla," a Nationstar representative who indicated that they would be considered for a modification under the Home Affordability Modification Program ("HAMP"). On August 22, 2012, Mike Kandler, another Nationstar representative, conducted the lender interview with the Plaintiffs. At the end of the interview, he informed Plaintiffs that their financial information being reviewed and that a negotiator would be assigned to their file. On August 23, 2012, yet another Nationstar representative "Crystal" discussed with Plaintiffs obtaining a broker price opinion for a short sale. Plaintiffs informed her that they were being considered for a modification of the loan on a reduced monthly payment. On August 27, 2012, Plaintiffs spoke with "Cecilia," another Nationstar representative, about the review of their financial information, and she informed them that their loan account would be updated to reflect the change in status. On August 28, 2012, Plaintiffs received from Nationstar a notice of short sale cancellation.

After receiving a voicemail on August 31, 2012 from Nationstar representative Maryann Saucedo ("Saucedo") indicating that she was the negotiator assigned to their file and attempting twice to contact her, on September 4, 2012 Plaintiffs sent Saucedo an email expressing concern that Nationstar had not yet decided on the modification request and that a foreclosure was scheduled for September 26, 2012. Saucedo never responded to their email. Plaintiffs also called Nationstar that day and discovered that the negotiator assigned to their file was a woman named

2

Case No.: 13-539 PSG
**ORDER**

"Angie." In that call, they learned that their documents were still under review and that they did not need to submit any other information.

On September 5, 2012, Plaintiffs found a notice of trustee sale ("NOTS") posted on the front door of their home notifying them that a foreclosure was scheduled for September 26, 2012. On September 6, 2012, Plaintiffs called Nationstar and spoke to Saucedo who repeated that the financial documents were under review and no further documents were needed. Plaintiffs also called the foreclosure trustee and spoke with a woman named "Mercedes" who informed them that the September 26 foreclosure was on hold. On September 12, 2012, Nationstar representative "Angie" called Plaintiffs to inform them that she had replaced Saucedo as the negotiator for their file. On September 14, 2012, Plaintiffs faxed a letter to Saucedo seeking confirmation of this substitution, but Saucedo never responded.

On September 19, 2012, Plaintiffs called Nationstar and spoke with "Tiffany" about postponing the foreclosure sale. "Tiffany" indicated that she would request the postponement. They also called the foreclosure trustee and spoke with "Jeno," who assured Plaintiffs that he would put a hold on the September 26 foreclosure. On September 21, 2012, Plaintiffs received a letter from Nationstar stating that their loan workout application under HAMP was denied. On September 24, 2012, Plaintiffs again called Nationstar, attempted to talk to "Angie," and ended up speaking with a different representative who informed them that the foreclosure sale had been postponed to October 26, 2012. The representative also indicated that Plaintiffs' application was being considered under the "Cap" review and that no further information was needed.

On October 5, 2012, Plaintiffs again called Nationstar looking for "Angie" but ended up talking to "Morgan," who informed them that their financial information was still under review and that the process would take an additional 30 to 60 days. Plaintiffs called a week later to follow up on the review and were told by "Britney" that they did not qualify for the "Cap" review. On

3

Case No.: 13-539 PSG
**ORDER**

October 15, 2012, Plaintiffs called again seeking "Angie" but were directed to Lori Kearns ("Kearns") to discuss other options. Kearns conducted another lender interview and Plaintiffs submitted updated financial information for consideration of an in-house loan workout plan. Kearns told them that the October 26 foreclosure was on hold.

On October 23, 2012, Plaintiffs again attempted to reach "Angie" who was still unavailable and so they spoke to "Beth." "Beth" told them that Kearns' review of their application was closed because they did not qualify for HAMP. Plaintiffs requested that their application be considered under an alternative process. They also called "Jeno" at the foreclosure trustee who informed them that the foreclosure sale again had been postponed to November 26, 2012.

On November 8, 2012, Plaintiffs called Nationstar to check on the status of their application, and they were informed by "Marcus" (because once again "Angie" was unavailable) that their paperwork was being reviewed. On November 19, 2012, Plaintiffs again reached out to Nationstar, and "Catalina" informed them that their modification application was denied and the foreclosure sale would proceed on November 26. The same day they called a "HOPE" counselor named "Alison." "Alison" arranged for a conference call with Nationstar and Plaintiffs and "Alison" spoke with "Kimberly," yet another representative. Plaintiffs asked about a short sale of their home, and "Kimberly" told Plaintiffs to submit an offer. She also informed Plaintiffs that as of October 25, 2012, their file at Nationstar was closed and Nationstar had not engaged in any further review of their financial information. She did not offer a loan reinstatement quote.

From these factual allegations, Plaintiffs originally brought suit in Santa Clara County Superior Court and Nationstar removed to this court. Plaintiffs allege violations of Cal. Civ. Code § 2923.5, Cal. Civ. Code § 2924c, Cal. Bus. & Prof. Code § 17200, and declaratory relief. Nationstar answered the complaint and now brings this motion for judgment on the pleadings for the second, third, and fourth claims.

## II. LEGAL STANDARDS

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[2] The legal standard applied under Rule 12(c) is "virtually identical to the standard for a motion to dismiss under Rule 12(b)(6)."[3] "A motion under either rule tests the legal sufficiency of a complaint,"[4] and so the court "must accept as true all of the factual allegations contained in the complaint."[5] Rule 12(c) "neither expressly provides for, nor bars, partial judgment on the pleadings" and so courts commonly "apply Rule (12)(c) to individual causes of action."[6] As with Rule 12(b)(6) motions, the court should grant leave to amend any pleadings on which it has granted judgment unless amendment is clearly futile.[7]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[9] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged

---

[2] Fed. R. Civ. P. 12(c).

[3] *Abrahams v. Hard Drive Productions, Inc.*, Case No. C-12-01006 JCS, 2012 WL 5499853, at *3 (N.D. Cal. Nov. 13, 2012).

[4] *Pavlina v. Safeco Ins. Co. of America*, Case No. 12-cv-534-LHK, 2012 WL 5412796, at *3 (N.D. Cal. Nov. 6, 2012) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

[5] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

[6] *Id.* (citing *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)).

[7] *Pacific West Group, Inc. v. Real Time Solutions, Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008).

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Case No.: 13-539 PSG
**ORDER**

in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11]

On a motion for judgment on the pleadings, like a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[12] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[13] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[14] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[15]

### III.   DISCUSSION

**A.   Request for Judicial Notice**

Nationstar requests judicial notice of various foreclosure-related documents recorded in the Santa Clara County Recorder's Office.[16] The court may take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known . . . or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[17] Plaintiffs agree that the fact of the recordation may be judicially noticed but the contents of the documents should not

---

[11] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[12] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[13] *See id.* at 1061.

[14] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[15] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[16] *See* Docket Nos 26, 34.

[17] Fed. R. Evid. 201(b).

6
Case No.: 13-539 PSG
**ORDER**

be. The court agrees. The authenticity of the foreclosure-related documents is not in dispute and may be verified by resort to the public record.[18] The court, however, will not rely on facts contained within the documents that reasonably may be subject to dispute.[19] Nationstar's request for judicial notice therefore is GRANTED as to all documents.

**B.   Motion for Judgment on the Pleadings**

    **1.   Cal. Civ. Code § 2924c**

Plaintiffs assert that Nationstar violated Section 2924c because it failed to provide Plaintiffs with an opportunity to cure their default before a foreclosure sale. Nationstar argues that because Plaintiffs have not alleged that a foreclosure sale has occurred, Plaintiffs still have the opportunity to pay the amount in arrears. Plaintiffs respond that they have sufficiently alleged that Nationstar failed to provide them with a loan reinstatement quote prior to the scheduled date of the foreclosure, November 26, 2012.

Section 2924c outlines how a mortgagee or trustor may cure the default on their loan prior to a foreclosure sale. It provides in relevant part that if a power of sale is exercised as a result of the trustor's default, the trustor

> may pay to the beneficiary . . . the entire amount due, at the time payment is tendered, with respect to (A) all amounts of principal, interest, taxes, assessments, insurance premiums, or advances actually known by the beneficiary to be, and that are, in default and shown in the notice of default, under the terms of the deed of trust . . ., (B) all amounts in default on recurring obligations not shown in the notice of default, and (C) all reasonable costs and expenses . . . which are actually incurred in enforcing the terms of the . . . deed of trust.[20]

The statute requires any notice of default to include warnings about the effect of the default, the amount of the default up to the time that the notice is recorded, the statement that "[u]pon your

---

[18] *See* Fed. R. Evid. 201(b)(2).

[19] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (finding the district court erred in relying on disputed facts contained within documents that otherwise were the proper subject of judicial notice). *See also* Fed. R. Evid. 201(b).

[20] Cal. Civ. Code § 2924c(a)(1).

7
Case No.: 13-539 PSG
**ORDER**

written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay," and contact information for the beneficiary or mortgagee so the default can be cured.[21]

The trustor may cure the default any time between the recording of the notice of default and "five business days prior to the date of the sale set forth in the initial recorded notice of sale."[22] "In the event the date of sale is postponed on the date of sale set forth in either an initial or subsequent notice of sale . . . and the postponement is for a period which exceeds five business days from the date set forth in the notice of sale . . . then the right of reinstatement is revived as of the date of postponement and shall continue from that date until five business days prior to the date of sale declared at the time of the postponement."[23]

Plaintiffs' allegations do not support their claim that Nationstar violated its obligations under Section 2924c. Plaintiffs do not allege that Nationstar refused their offer to tender the deficient amount nor do they allege that they demanded from Nationstar an accounting of their current default. Plaintiffs allege only that Nationstar failed to disclose the amount of arrearage prior to foreclosure, and they suggest in their opposition that Nationstar had an obligation to do so. Section 2924c, however, requires only that the amount be included in the notice of default and that Nationstar provide further accounting upon request. Plaintiffs' allegations do not support an inference that Nationstar violated these procedures.

Plaintiffs also claim that because Nationstar did not inform them that their application for modification was denied until seven days before the scheduled foreclosure, Nationstar prevented them from curing the default. But these allegations do not support that Nationstar in any way

---

[21] *Id.* § 2924c(b)(2).

[22] *Id.* § 2924c(e).

[23] *Id.*

8

Case No.: 13-539 PSG
**ORDER**

blocked Plaintiffs from paying the outstanding amounts. And even if the modification application process was an effective obstacle to Plaintiffs curing their default, Nationstar informed them of the denial seven days before the scheduled foreclosure sale, which gave Plaintiffs two days to cure the default before they lost the right under Section 2924c.

As pleaded, Plaintiffs' factual allegations do not support their claim for violations of Section 2924c. The court therefore DISMISSES the claim but WITH LEAVE TO AMEND as the case is in its early stages and the court finds Plaintiffs are entitled to at least one more opportunity to plead their claim.

### 2. Cal. Bus. & Prof. Code § 17200

Plaintiffs assert that Nationstar violated Section 17200 by failing to comply with Section 2923.5 and Section 2924c during the foreclosure proceedings and generally by engaging in unfair business practices that ran afoul of "legislative policies concerning foreclosure prevention."[24] Nationstar argues that Plaintiffs' allegations fail to state a claim because Plaintiffs have not asserted the requisite harm under Section 17200. Plaintiffs respond that they have alleged damages and so their allegations pass muster.

Cal. Bus. & Prof. Code § 17204 requires plaintiffs bringing Section 17200 claims to establish that they have suffered "an injury in fact and ha[ve] lost money or property as a result of the unfair competition."[25] Although Plaintiffs include a general allegation $100,000 in damages, they have not asserted how the alleged actions by Nationstar that they argue violate Section 17200 resulted in lost money or property as required by Section 17204. They have not alleged that the foreclosure sale has yet taken place and they have not asserted how violations of Section 2923.5 or Section 2924c caused any loss of money.

---

[24] Docket No. 1 Ex. A at ¶ 60.

[25] *See Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009).

9
Case No.: 13-539 PSG
**ORDER**

The court therefore DISMISSES the claim WITH LEAVE TO AMEND.

### 3. Declaratory Relief

Plaintiffs seek a "judicial determination as to the legality of the business practices" included in the complaint.[26] Declaratory relief, however, is a remedy not a stand-alone cause of action.[27] The appropriateness of awarding that remedy depends on the viability of the claim on which it is based.[28] Because it is not an independent cause of action, the declaratory relief claim is DISMISSED WITHOUT LEAVE TO AMEND. Plaintiffs may include declaratory relief as part of their prayer in any amended complaint.

## IV. CONCLUSION

The court grants Nationstar's motion for judgment on the pleadings as to the Section 2924c, Section 17200, and declaratory relief claims but grants Plaintiffs leave to amend their complaint. Plaintiffs shall file any amended complaint within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: August 8, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[26] Docket No. 1 Ex. A at ¶ 67.

[27] *See Sowinski v. Wells Fargo Bank, N.A.*, Case No. 11-6431-SC, 2012 WL 5904711, at *1 (N.D. Cal. Nov. 26, 2012).

[28] *See id.*

10
Case No.: 13-539 PSG
**ORDER**